IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-907-LPS |
| | : | |
| WARDEN PHILIP MORGAN and | : | |
| MAJOR PHILLIP PARKER, | : | |
| | : | |
| Defendants. | : | |

Wayne Thomas, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 21, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Wayne Thomas ("Plaintiff"), a pretrial detainee at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court screened the case pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed against Defendants on identifiable cognizable and non-frivolous claims. (*See* D.I. 6) Presently before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Philip Morgan ("Morgan") and Phillip Parker ("Parker") (together Defendants").[2] (D.I. 11) Plaintiff did not file a response to the motion. For the reasons that follow, the Court will deny the Motion.

## II. BACKGROUND

The Complaint alleges that Plaintiff was removed from the general population and placed in isolation on September 11, 2010. On September 13, 2010, Plaintiff received a disciplinary sanction of one year in isolation for four disciplinary write-ups. Parker imposed the sanction, which was approved by Morgan. At the time the Complaint was filed, Plaintiff had been in administrative segregation for six weeks. He alleges that the conditions placed upon him impose

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] A third defendant, Deputy Warden Paul Emig, was dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). (*See* D.I. 13)

1

materially greater restrictions that those imposed on convicted inmates at the HYRCI and they qualify as punishment.

Defendants move to dismiss the Complaint on the grounds that: (1) it fails to state a claim upon which relief may be granted; (2) the claims fail because they are based upon respondeat superior; and (3) they enjoy qualified immunity.

## III. <u>LEGAL STANDARDS</u>

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a

reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Failure to State a Claim

Defendants argue that the Complaint should be dismissed for failure to state a claim based on well-settled law that pretrial detainees may be punished for violation of prison rules and regulations. However, unlike sentenced inmates, pretrial detainees also have a liberty interest in being free from punishment for the crime that led to their detention prior to conviction under the Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). "Absent a showing of an expressed intent to punish on the part of detention facility officials," determining whether a restriction constitutes punishment "generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Id.* at 538. Therefore, "if a

3

restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539.

Unconstitutional punishment typically includes both objective and subjective components. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Construing the Complaint liberally in favor of Plaintiff, as the Court must in evaluating a motion to dismiss a *pro se* Complaint, the Court concludes that while it is possible Plaintiff was sent to isolation and administrative segregation for disciplinary reasons rather than punishment, taking all reasonable inferences in favor of Plaintiff leads to the conclusion that Plaintiff has adequately alleged he was given an undue and impermissibly lengthy punishment. Thus, the Court concludes that the Complaint meets the pleading requirements of *Iqbal* and *Twombly*. *See Stevenson*, 495 F.3d at 66 (allegations by pretrial detainees that they were being punished prior to being sentenced by being placed in restrictive confinement were sufficiently factual to raise detainees' rights to relief above speculative level). Therefore, the Court will deny the Motion to Dismiss for failure to state a claim.

**B.     Respondeat Superior**

Morgan argue that the claims against him seem to be based upon his status as the supervisor of Parker and, therefore, the claims against him fail. The Complaint alleges that Morgan approved Plaintiff's one year in isolation.

4

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A § 1983 claim cannot be premised upon a theory of respondeat superior; hence, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49); *Rode*, 845 F.2d at 1207.

Here, the Complaint clearly alleges that Morgan had actual knowledge and approved of Plaintiff being sent to isolation for one year. The claims are not based upon a theory of respondeat superior but, rather, are based upon Morgan's alleged personal involvement. Accordingly, the Court will deny Defendants' Motion to Dismiss based upon respondeat superior.

C. **Qualified Immunity**

Defendants contend that the claims against them should be dismissed because Plaintiff has failed to plead any facts challenging their entitlement to qualified immunity and immunity pursuant to Delaware's State Tort Claims Act, 10 Del. C. § 4001.[3] They take the position that Plaintiff has failed to allege facts to establish an alleged violation of clearly established law.

The two-step test when analyzing qualified immunity as set forth in *Saucier v. Katz*, 533

---

[3] However, the Complaint does not raise supplemental State claims.

5

U.S. 194 (2001), is often appropriate. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Under *Saucier*, the Court first examines whether the alleged conduct, taken in the light most favorable to Plaintiff, violated a constitutional right. *See Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* If the alleged conduct would amount to the violation of a constitutional right, the Court proceeds to the second inquiry and determines if the right was "clearly established in the specific context of the case." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004); *see also Saucier*, 533 U.S. at 202 (noting that officer is entitled to qualified immunity unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"). Courts have the discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first, in light of the circumstances in the particular case at hand. *See Pearson*, 555 U.S. at 236.

Here, whether Defendants violated Plaintiff's constitutional rights is very much at issue, and a matter on which the Court cannot grant dismissal. Thus, in the present procedural posture, the Court cannot conclude that Plaintiff has failed to satisfy the first step of the *Saucier* test. As for the second step of the test, it is well-established that pretrial detainees have a liberty interest in being free from punishment for the crime that led to their detention prior to conviction under the Due Process Clause. *See Bell*, 441 U.S. at 535-36. Accordingly, the Court determines that the Motion to Dismiss based upon qualified immunity must be denied.

## V. **CONCLUSION**

For the above reasons, the Court will deny the Motion to Dismiss. (D.I. 11) An appropriate Order follows.

6