IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE C. THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-907-LPS |
| | : | |
| WARDEN PHILLIP MORGAN, et al., | : | |
| | : | |
| Defendants. | : | |

---

Wayne C. Thomas, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Dennis Spivack, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Warden Phillip Morgan and Major Phillip Parker.

**MEMORANDUM OPINION**

March 17, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Wayne C. Thomas ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI) in Wilmington, Delaware, filed this action on October 22, 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants Warden Phillip Morgan's ("Warden Morgan") and Major Phillip Parker's ("Parker") (together "State Defendants") motion for summary judgment or, in the alternative, to dismiss for failure to prosecute. (D.I. 21) For the reasons that follow, the Court will grant the motion to dismiss for failure to prosecute.

## II. BACKGROUND

The Complaint alleges that Plaintiff, a pretrial detainee, was removed from the general population and placed in isolation on September 11, 2010. On September 13, 2010, Plaintiff received a disciplinary sanction of one year in isolation for four disciplinary write-ups. Parker imposed the sanction, and it was approved by Warden Morgan. Plaintiff alleges that the conditions placed upon him qualify as punishment as they impose materially greater restrictions than those imposed upon convicted inmates at the HYRCI.

Defendants filed a motion to dismiss (D.I. 11) on May 3, 2011. Plaintiff did not respond to the motion. The Court entered a scheduling order (D.I. 17) on August 8, 2012 that provided a discovery deadline of February 11, 2013. State Defendants propounded discovery (D.I. 18, 19) upon Plaintiff on January 9, 2013. Plaintiff did not respond to the discovery requests. State Defendants filed a motion for summary judgment (D.I. 21) on March 11, 2013. Plaintiff did not file a response. On June 3, 2013, the Court entered an order (D.I. 27) for Plaintiff to file a

response and warned Plaintiff that should he fail to do so, the Court would decide the motion on the papers submitted. Plaintiff did not file a response.

State Defendants move for summary judgment on the grounds that: (1) Plaintiff's relocation to administrative segregation was due to a legitimate penological interest; (2) Plaintiff failed to exhaust his administrative remedies; (3) they are immune from liability in their official capacities under the eleventh amendment; (4) they are entitled to qualified immunity; and (5) Plaintiff failed to prosecute his claims or participate in discovery.

### III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).

## IV. DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, State Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action in this case since March 1, 2011 (when he submitted his USM-285 forms for service) and his failure to respond to discovery requests impede State Defendants' ability to prepare his trial strategy.

As to the third factor, there is a history of dilatoriness, as Plaintiff did not respond to discovery requests, the motion to dismiss, or the motion currently pending before the Court. As to the fourth factor, since Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Court cannot determine this factor based upon a review of the pleadings and lack of discovery.

Given Plaintiff's failure to take any action in this case since March 2011, the failure to provide any discovery, and the failure to respond to State Defendants' dispositive motions, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## V.  CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to prosecute (D.I. 21).[1]

An appropriate Order follows.

---

[1] Because dismissal is appropriate for Plaintiff's failure to prosecute, the Court will not address the other grounds for summary judgment raised by State Defendants.

4